IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**FATHER JESUS**                                                                 **PLAINTIFF**

**v.**                                              **CAUSE NO. 1:21-cv-230-LG-JCG**

**LAMAR ADVERTISEMENT, LLC**
                                                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTIONS TO QUASH SUMMONS AND TO DISMISS

**BEFORE THE COURT** are the [5] Motion to Quash Summons and to Dismiss and a [8] Supplemental Motion to Quash Summons and to Dismiss, both filed by Defendant, Lamar Advertisement, LLC. Plaintiff did not respond. After due consideration of the parties' submissions, the record in this matter, and the applicable law, the Court finds that the Motions should be granted.

### BACKGROUND

Plaintiff, Father Jesus, sues Defendant, Lamar Advertisement, LLC, for alleged racial and religious discrimination. (*See* Am. Compl., ECF No. 4). The Court gathers that Defendant, alleged by Plaintiff to have a monopoly in billboard space, rejected his proposals for religious billboard advertisements. (*See* Compl., 1, ECF No. 1-1; Exhibits to Compl., ECF No. 1-1). Plaintiff apparently sought an "advertisement Of Mr Jesus likeness with or without the accompaniment of words." (Compl., ECF No. 1-1). Plaintiff explained that Lamar "owns approximately 100% of the billboards [he] needs" for his "following" and has "blocked" him from reaching this "market." (*Id.*). In the Amended Complaint, Plaintiff repeats these allegations

and adds that Defendant "upholds a fruitful and longstanding relationship with the Satanic Temple." (Am. Compl., ECF No. 4).

Plaintiff's original Complaint was docketed in the Circuit Court of Harrison County, Mississippi, on June 3, 2021. (Compl., ECF No. 1-1). This lawsuit refers to the First, Fifth, and Fourteenth Amendments of the United States Constitution and asks for "Just Compensation and 3 billboards rendered in Mr. Jesus base market." (*Id.*). Plaintiff further requested that the Court strike a "law that gave Lamar the Monopoly in the marketplace of Most of Mr. Jesus Fans." (*Id.*). On July 2, 2021, Defendant removed the action to this Court on the basis of federal question jurisdiction. (Not. Removal, ¶ 4, ECF No. 1).

Plaintiff filed an Amended Complaint on July 7, 2021, adjusting his claims to racial and religious discrimination under Title VII of the Civil Rights Act. (Am. Compl., ECF No. 4). Plaintiff requests $1.5 million in damages. (*Id.*). Thereafter, on July 9, 2021, Defendant filed the instant [5] Motion to Quash Summons and to Dismiss, arguing that the lawsuit should be dismissed under Rules 12(b)(1), (4), (5), and (6). (*See* Mot. Quash Summons & Dismiss, ECF No. 5). Later, Defendant [8] supplemented its Motion with additional reasons. The Motion is now ripe for disposition by the Court.

## DISCUSSION

The Court begins with the Rule 12(b)(6) aspect of Defendant's Motion. To survive a Motion to Dismiss filed under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In considering a Rule 12(b)(6) motion, the Court "must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). Further, "all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). In determining whether claims survive a Rule 12(b)(6) motion, the court may review the facts set forth in the complaint, documents attached to the complaint, and matters of which the court may take judicial notice under Federal Rule of Evidence 201. *Id.*

Here, the various constitutional and statutory civil rights claims are wholly lacking in factual or legal support. There is no allegation that Lamar is a government actor such that it may be subjected to liability under the First, Fifth or Fourteenth Amendments. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 837-38 (1982) ("[I]t is fundamental that the First Amendment prohibits governmental infringement on the right of free speech. Similarly, the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or

entities."); *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee*, 483 U.S. 522, 542 (1987) (holding that, for a Fifth Amendment claim, "[t]he fundamental inquiry is whether the [defendant] is a governmental actor to whom the prohibitions of the Constitution apply"). Plaintiff does not allege that Defendant's conduct falls into an exception to this legal axiom. Therefore, these constitutional claims are without merit and require dismissal with prejudice.

Plaintiff's claim under Title VII of the Civil Rights Act fares no better. "[T]he purpose of Title VII is to protect employees from their employers' unlawful actions." *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011). Nonemployees of the defendant do not have standing to sue under the statute. *Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 668-71 (5th Cir. 2020) ("The zone of interests that Title VII protects is limited to those in employment relationships with the defendant. . . . Title VII protects employees from the unlawful acts of their employers. It does not—even arguably—protect nonemployees from mistreatment by someone else's employer."). Plaintiff alleges no kind of employment relationship, even a prospective one, with Defendant. Hence, Plaintiff can neither establish standing under Title VII nor state a Title VII claim upon which relief can be granted. This claim should be dismissed with prejudice.

Finally, Plaintiff asserts that Defendant maintains a "Monopoly" (*See* Compl., ECF No. 1-1), and "block[ed]" him "out of the marketplace." (Am. Compl., ECF No. 4). Were the Court to construe these statements as an attempted cause of action, Plaintiff has not stated any antitrust claim, referenced any relevant statute, nor

provided any factual allegations in support of such a claim.

In light of these issues, the Court grants Defendant's [5] [8] Motions to Dismiss. "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable, or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n. 6 (5th Cir. 2000); *see also Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982) (holding that the district court should consider, in determining leave to amend, "whether the movant has previously failed to cure deficiencies in his pleadings by prior amendments"). Here, the Court finds that an amendment would not correct the issues in the Complaint identified in this Order. Moreover, Plaintiff has already amended his Complaint once, without first seeking leave to do so, which confirms the misguided claims and legal theories behind this lawsuit.[1]

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [5] Motion to Quash Summons and to Dismiss and the [8] Supplemental Motion to Quash Summons and to Dismiss filed by Defendant Lamar Advertisement, LLC are **GRANTED.**

---

[1] Defendant also takes issue with the form and manner of service. Specifically, Defendant reports that the named party, "Lamar Advertisement, LLC," does not exist. Further, in its Notice of Removal, Defendant stated that "[a] copy of the summons along with a copy of the Complaint were deposited into Lamar's mailbox in Gulfport, Mississippi on or about June 4, 2021." (Not. Removal, ¶ 3, ECF No. 1). Defendant argues that this method of service violates Rule 4(h)(1). The Court does not reach these issues because the Amended Complaint fails to state a claim as a matter of law.

**SO ORDERED AND ADJUDGED** this the 23rd day of September, 2021.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE